McCALEB, Justice
 

 (concurring).
 

 While I concur in the result reached in this matter, I am unable to subscribe to two of the reasons given in the majority opinion for sustaining the exception of no cause of action.
 

 The majority expresses the view that, sinc.e it is probable that all of the present shareholders of the defendant are different from those who owned shares in the homestead at the time plaintiff sold her stock and since the plaintiff waited over four years from the date of the sale of her stock before she filed her suit, the equitable doctrine of laches is applicable. I am not aware of any law or jurisprudence of this State (aside from the law of prescription) which would justify the court in refusing to entertain plaintiff’s suit on the ground that her claim is stale. Assuming that it is true that the stockholders of the defendant corporation are not the same persons who owned stock at the time plaintiff disposed of her shares, this fact could not, in my judgment, affect the liability of the defendant if the latter, through its officers, perpetrated a fraud in inducing her to sell her stock at a reduced price.
 

 The majority are also of the opinion that, because plaintiff might have been able to ascertain by diligence and inquiry that her stock was worth more than the price offered by the homestead, she is precluded from recovering in view of Paragraph 3 of Article 1847 of the Civil Code, which reads:
 

 “A
 
 false assertion as to the value of that which is the object of the contract, is not such an artifice as will invalidate the agreement, provided the object is of such a nature and is in such a situation that he, who is induced to contract by means of the assertion, might with ordinary attention have detected the falsehood; he shall then be supposed to have been influenced more by his own judgment than the assertion of the other.”
 

 While it must be conceded that the above quoted provision would be pertinent under ordinary circumstances, I do not think it should be applied in this case because of the nature of the defendant’s business and the quasi fiduciary relationship existing between its shareholders and its directors. A homestead is a quasi public institution impressed with a public trust. See Act 5 of 1934 and 12 C.J.S. Building and Loan Associations, § 3, p. 396. It is also well recognized that a quasi fiduciary relationship' exists between officers and directors of a homestead and its stockholders. See 13-American Jurisprudence, Section 1011, and Fletcher’s Cyclopedia of the Law of Corporations, Volume 3, Sections 838 and 848. Hence, there was an obligation on the part of the officers of the defendant to inform' the plaintiff with regard to the true situation of its affairs and if, by suppressing the facts, they were able to take unfair advantage of her, the court should not hesitate to grant her relief.
 

 Notwithstanding this, I think that plaintiff’s suit has been properly dismissed because the allegations of her petition, viewed as a whole, do not show that the officers-
 
 *238
 
 ■of the defendant company have imposed •upon her. In the first place, it is clear to me that she is without a cause of action to have the sale of her stock rescinded on the theory that there was an implied resolutory condition in the offer to purchase which was made to her by the homestead.
 

 Moreover, I am also of the opinion that the case is distinguishable from that of Markey v. Hibernia Homestead Ass’n., La.App., 186 So. 757. In the Markey case, the plaintiff charged that the officers of the homestead devised a scheme or plan to purchase stock at reduced prices so that they and their friends could get federal insurance and thereby obtain the full par value of their own stock. The scheme devised by the officers was alleged in great detail and the gravamen of the petition was that the officers and directors sought to unjustly enrich themselves at the expense of plaintiff and other stockholders.
 

 In the case at bar, the plaintiff alleges that the defendant is guilty of fraud because it induced her to sell her stock at a price which was less than its book value or its value on the open market. The conclusion of fraud is not warranted by the act charged because, under the provisions of Act 5 of 1934, the homestead was given the right to purchase its own stock at reduced prices.
 

 It is true that plaintiff alleges in general terms that the letter she received from the defendant was sent to her for the sole and only purpose of inducing her to part with her stock at a loss and “in order that the said association and other shareholders who retained their shares might be enriched at her expense”. However, there is no allegation to the effect that, at the time the latter was sent or thereafter, the officers of the homestead, believing that they could get Federal insurance for the company by inducing the plaintiff and others similarly situated to sell their stock at reduced prices, knew that Federal insurance could be obtained. In the absence of allegations of fact showing that the officers devised a scheme to unjustly enrich themselves at plaintiff’s expense, no case for the rescission of the contract of sale on the ground of fraud is stated.
 

 For these reasons, I respectfully concur in the decree.